852 F.2d 565
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Orpha HALL, Widow of Harry Elmer Hall, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 87-3621.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 1, 1988.
Decided: July 13, 1988.
 
 Thomas C. Antenucci, Bradford & Associates, P.C., on brief, for petitioner.
 George R. Salem, Solicitor of Labor; Donald S. Shire, Associate Solicitor; Barbara J. Johnson, Counsel for Appellate Litigation; Jeffrey J. Bernstein, Assistant Counsel for Benefit Programs, United States Department of Labor, on brief, for respondent.
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal by the widow of a deceased miner from the denial of benefits under the Black Lung Act. The Administrative Law Judge ruled that she failed to prove that her deceased husband had been a miner for at least ten years so as to be entitled to the "interim presumption", 20 C.F.R. Sec. 727.203, and there was no other proof that he was disabled by virtue of a respiratory impairment arising out of his coal mine employment or that he died from such an impairment. The Benefits Review Board affirmed, and we also affirm.
 
 
 2
 Our review of the record shows that the widow adduced only her hearsay testimony that her deceased husband had been a miner from 1931 until 1942. The parties were not married until 1948 and had not known one another well for much before. The ALJ found her not a credible witness. In addition the Social Security records which began in 1937 showed no employment in coal mining.
 
 
 3
 In a case of this type, the scope of review is limited to a determination of whether substantial evidence supports the findings of the ALJ.
 
 
 4
 The ALJ said that he would accept the widow's testimony as to coal mining employment for the period 1932 to 1936, before the Social Security Act became law. We reject the argument that having accepted the testimony for this period, the ALJ was bound to accept her testimony in its entirety. Although the ALJ may well have given little weight to the absence of Social Security records, on the theory that many small coal operators did not comply with the Social Security Act in the early years of its existence, he was not bound to do so. He was free to give the records substantial weight so that, even aside from the factor of credibility, the widow's testimony was directly contradicted. The resolution of disputed facts rested with the ALJ and does not rest with us. We conclude that there was a substantial evidentiary basis for his finding that coal mining employment for at least ten years was unproved. Certainly there was no other proof of respiratory disability.
 
 
 5
 AFFIRMED.